

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00362-CR

JESSE GUZMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2010-428,463, Honorable Bradley S. Underwood, Presiding

August 26, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Jesse Guzman, appeals his conviction for the offense of aggravated robbery with the use or exhibition of a deadly weapon,[1] enhanced by appellant's plea of true to an enhancement allegation that he had been previously convicted of a felony offense, and resulting sentence of 25 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. We will affirm.

---

[1] See TEX. PENAL CODE ANN. §§ 29.02(a), 29.03(a)(2) (West 2011).

Factual and Procedural Background

Raymond Martinez, the victim of the robbery at issue, went to the El Rodeo bar in Lubbock around 10:30 p.m. on July 25, 2010. After a short period of time, Martinez was approached by a woman, who asked him if he would like to leave the bar with her. Martinez agreed. As Martinez and the female were leaving the bar, four other people stood to leave the bar at the same time. Upon leaving the bar, a male and female couple walked in front of Martinez and another male and female couple walked behind him.

In the parking lot of the bar, the female with Martinez could not recall where she had parked her vehicle. Consequently, Martinez escorted the female to his truck. Upon arriving at his truck, the female began running away, apparently scared, and Martinez saw the male that had been walking behind him duck behind a car. Another man came up behind Martinez, grabbed Martinez's head, and put a knife to his throat. The assailant told Martinez not to move or turn around or the assailant would kill him. A second assailant approached Martinez and began searching his pockets. The second assailant took Martinez's wallet and cell phone. The assailants then fled to a nearby car. Martinez was able to see the assailants enter the vehicle and drive off over a curb.

Martinez drove his truck to the front of the bar and asked a bouncer to call the police. Immediately after talking to the bouncer, Martinez saw that police had stopped the assailants' vehicle. Martinez drove by the scene of the stop slowly and recognized two of the occupants as the men that robbed him. After making this observation,

Martinez pulled over about half a block away from the stop and sat on the curb until one of the police officers approached him.

Lubbock police sergeant Clay Winters stopped the vehicle for driving while the headlights were off. Appellant was the driver, another male was in the passenger seat, and four females were in the back seat. When Winters noticed Martinez sitting on the curb, he approached Martinez. Martinez told Winters that he had been robbed and that he believed that his assailants were in the vehicle that Winters had stopped. Martinez told Winters that his assailant had threatened him with a knife and had taken his cell phone and wallet. When Winters searched the suspect vehicle, he found a knife between the driver's seat and the center console. He also found Martinez's cell phone in the passenger side door. Based on these discoveries, all of the occupants of the suspect vehicle were placed under arrest. Appellant and one of the female passengers were placed in the back seat of one of the police vehicles. While the police were continuing their investigation, appellant was recorded telling the female passenger that, "I think that bitch is going to tell everything." He also said, "they can't describe us" and "they can't describe me." In a subsequent search of the vehicle, police found Martinez's wallet and credit cards.

During the booking process at the jail, appellant told an officer that he would "take the charge" because his aunt and girlfriend "didn't deserve this." He told the officer that he was the one that robbed Martinez.

Appellant was indicted for the offense of aggravated robbery with a deadly weapon, enhanced by a previous final conviction for a felony offense. During the trial,

3

the State offered the testimony of Martinez, Winters, and two of the officers involved in the investigation. Appellant offered no evidence. A jury found appellant guilty of aggravated robbery, as alleged in the indictment. Following a brief punishment hearing during which appellant pled true to the enhancement allegation, the jury assessed a sentence of 25 years' incarceration.

Appellant filed motions for new trial and in arrest of judgment that were overruled by operation of law. Appellant also appealed his conviction. By his appeal, appellant presents one issue: the evidence is insufficient to prove that appellant is guilty of aggravated robbery. Appellant's argument is predicated on the State's proof of appellant's identity as the perpetrator or a party to the offense.

Sufficiency of the Evidence

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate

4

question is whether the jury's finding of guilt was a rational finding. See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

To prove that appellant committed the offense of aggravated robbery with a deadly weapon, the State was required to prove that (1) appellant, (2) in the course of committing theft and with intent to obtain or maintain control of property, (3) intentionally or knowingly threatened or placed Martinez in fear of imminent bodily injury or death, and (4) used or exhibited a deadly weapon. TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2).

Appellant argues that the evidence did not prove, beyond a reasonable doubt, that he was the perpetrator of the offense. Appellant says that the evidence that he was the principal actor is circumstantial. A criminal conviction may be based solely upon circumstantial evidence. Merritt v. State, 368 S.W.3d 516, 525 (Tex.Crim.App. 2012); Clayton v. State, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007). While Martinez could not positively identify appellant as the assailant that held the knife to his throat, he was able to place appellant in the parking lot at the time of the robbery, saw his assailants as they fled and saw the car they used for their getaway, and was able to identify the car and the men inside the car as his assailants after the vehicle had been detained by police. In addition, the police recovered a knife and Martinez's property from the vehicle appellant was driving moments after the robbery occurred. See Poncio v. State, 185

S.W.3d 904, 905 (Tex.Crim.App. 2006) ("a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary."); Walker v. State, No. 02-07-00072-CR, 2008 Tex. App. LEXIS 1158, at *11 (Tex.App.—Fort Worth Feb. 14, 2008, pet. ref'd) (per curiam) (mem. op., not designated for publication) (applying Poncio doctrine to robbery). Further, appellant made statements while in the police vehicle that would allow for a reasonable inference that he had been involved in the robbery. Finally, while being booked into jail, appellant spontaneously admitted that he had committed the crime. Viewing all this evidence in the light most favorable to the verdict, see Brooks, 323 S.W.3d at 899, 912, we conclude that the evidence is such that a rational trier of fact could have found the essential elements of the offense of aggravated robbery with a deadly weapon beyond a reasonable doubt. Therefore, we overrule appellant's sole issue.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.

6